**Arshak Bartoumian, Esq. (SBN 210370)**
**Law Offices of Arshak Bartoumian**
**124b W. Stocker Street**
**Glendale Ca 91202**
**Telephone: (818) 532-9339**
**Fax: (866) 400-4091**

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT OF CALIFORNIA

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BAGRAT BALASANYAN** ) | Case No.: 2:12-CV-07589-DSF-(Ex) |
| ) | |
| **Plaintiff** ) | OPPOSITION TO ORDER TO SHOW |
| ) | CAUSE BY ARSHAK BARTOUMIAN |
| v. ) | |
| **DEPARTMENT STORES NATIONAL** ) | |
| **BANK** *ET AL.,* ) | HONORABLE DALE FISHER |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES

### ARUGMENTS AGAINST ORDER TO SHOW CAUSE

    The Court set and Order to Show Cause as to why sanctions should be given for filing cases without any reason or any basis in fact or law.

    For starters on a Rule 11 motion or order to show cause, there must be a safe harbor period. This is noted as followed:

Pursuant to Rule 11's "safe harbor period" - clarification as to how, by filing this complaint. Rule 11(c)(2) safe harbor provision states:

    The Motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court see fit.

If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

1  Here prior to the OSC being presented, plaintiff's counsel was already searching for suitable
2  counsel to represent said plaintiff in the litigation.
3      The Purpose of the Rule 11 is as to the attorney for the following provisions:
4  1. That he or she has read the paper;
5  2. That, to the best of his or her knowledge and belief, the paper is well grounded in fact and
6  warranted by existing law or a good faith argument for the extension, modification, or reversal of
7  existing law; and
8  3. That the paper is not interposed for any improper purpose, such as harassment, delay, or
9  needless increase in litigation costs.
10    "Rule 11 'is targeted at situations' where it is patently clear that a claim has absolutely no
11 chance of success under the existing precedents, and where no reasonable argument can be
12 advanced to extend, modify or reverse the law as it stands.'" Associated Indem. Corp. v.
13 Fairchild Indus., 961 F.2d 32, 34 (2nd Cir. 1992) Here, in the cases that are before the Court for
14 this Order to Show Cause, there are reasonable arguments that can be advanced and it is not
15 patently clear that the claims have no chance to succeed.
16    Plaintiff claims that defendant lacked a permissible purpose under the FCRA for obtaining
17 plaintiff's credit report.  Under the FCRA, 15 U.S.C. § 1681 et seq., civil liability is imposed on
18 any person who obtains a consumer report for a purpose that is not authorized by the FCRA.  See
19 § 1681b(f) ("A person shall not use or obtain a consumer report for any purpose unless. . . the
20 consumer report is obtained for a purpose for which the consumer report is authorized to be
21 furnished by this section.").
22    Specifically, section 1681b of the FCRA provides an exclusive list of the permissible
23 purposes for which a consumer report may be furnished to a requesting party.  But it is alleged
24 herein that there was no permissible use by the defendant herein to run the report of this plaintiff.
25    When considering Rule 11 motions, the Ninth Circuit undertakes a two-pronged inquiry.
26 A party seeking sanctions must prove both (1) the complaint is legally or factually "baseless"
27 from an objective  perspective, and (2) that the attorney failed to conduct "a reasonable and
28 competent inquiry" before signing and filing it. Christian v. Mattel, Inc., 286 F.3d 1118, 1127

1  (9th Cir. 2002).

2  Sanctions under Rule 11 are only imposed in "the exceptional circumstance," where a claim or
3  motion is clearly unmeritorious or frivolous. Single Chip Sys. Corp. v. Intermec IP Corp., 2007
4  WL 2012610 at *6 (S.D. Cal. June 29, 2007) (citing Riverhead Sav. Bank v. Nat'l Mortgage
5  Equity Corp., 893 F.2d 1109, 1115 (9th Cir. 1 1990)). A frivolous claim or pleading is one that is
6  both "legally or factually baseless from an objective perspective" and brought without a
7  "reasonable and competent inquiry." Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295,
8  1299 (Fed. Cir. 2004) (internal citations omitted). "This is a difficult standard to meet." In re
9  Hayes Microcomputer Products, Inc. Patent Litigation, 766 F. Supp. 818, 828 (N.D. Cal.
10 1991).

11       "The key question is whether a pleading states an arguable claim." Stewart v.
12 American Intern. Oil & Gas Co., 845 F.2d 196, 201 (9th Cir. 1988) (emphasis
13 added).

14       The Ninth Circuit recognizes that "[a]n award of Rule 11 sanctions raises two
15 competing concerns: the desire to avoid abusive use of the judicial process and to
16 avoid chilling zealous advocacy." Hudson v. Moore Business Forms, Inc., 836 F.2d
17 1156, 1160 (9th Cir. 1987)(emphasis added) (citing In re Yagman, 796 F.2d 1165,
18 1182, amended, 803 F.2d 1085 (9th Cir. 1986)).

19       A district court should not grant sanctions lightly. Truesdell v. Southern California
20 Permanente Medical Group, 209 F.R.D. 169, 176 (C.D. Cal. 2002). "Because the rule is not
21 intended to chill an attorney's enthusiasm or creativity in pursuing factual and legal theories,
22 courts have interpreted Rule 11's language to prescribe sanctions, including fees, only in the
23 exceptional circumstance, where a claim or motion is patently unmeritorious or
24 frivolous." Riverhead Sav. Bank. v. National Mortgage Equity Corp., 893 F.2d 1109,
25 1115 (9th Cir. 1990) (internal citations omitted).

26       The key question in assessing frivolousness is whether a complaint states an arguable
27 claim – not whether the pleader is correct in his perception of the law." Riverhead Sav. Bank,

28

893 F.2d 1109, 1115 (9th Cir. 1990) (quoting Hudson v. Moore Business Forms, Inc., 827 F.3d 450, 453 (9th Cir. 1987))

  The statements made in open court by defense counsels who although on this case but were dismissed previously by the Court made statement on the subject that were either (1) untrue or (2) irrelevant to the inquiry. The complaints of the Defendants range from the extremely serious, yet unmeritorious, allegations in this and other cases which are not relevant, and to trivial complaints that Plaintiff's counsel should be sanctioned under Rule 11 because in other cases, there were issues of depositions being cancelled, to not offering any settlement discussions as of yet.  Defendants counsel overreaching in various statement were repetitive and presented simply as a litigation tactic meant to have a chilling effective on legitimate advocacy by plaintiff and counsel.

  The Suggestion that Plaintiff lacks evidentiary support to win the claims and therefore is liable for Rule 11 sanctions.  While Plaintiff certainly disagrees, that position is not a basis for Rule 11 sanction.  The United States Supreme Court has stated that the imposition of Rule 11 sanctions against a party is only proper when the party has failed to make a "reasonable inquiry" into pertinent facts or law. Business Guides, Inc. v. Chromatic Communications Ent., Inc., 111 S.Ct. 922, 933 (1991).

  Rule 11 requires only that a signatory to a complaint make a reasonable inquiry to determine the facts of the case and believe that the position asserted is  "well [-] grounded in fact." See, e.g., Greenberg v. Sala, 822 F.2d 882, 886 (9th Cir. 1987); see also Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1986). "[A] cause of action is 'well [-] grounded in fact' if an independent examination reveals 'some credible evidence' in support of a party's statements." Himaka v. Buddhist Churches of America, 917 F. Supp. 698, 710 (N.D. Cal. 1995); citing Kendrick v. Zanides, 609 F.Supp. 1162, 1172 (N.D. Cal. 1985). In determining whether there is "some credible evidence" in support of a claim, courts use an objective test. Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986) (abrogated on other grounds in Cooter, supra, 496 U.S. 384 (1990)).

Here there was a reasonable inquiry regarding the plaintiff's credit report and the various letters sent to the defendants over a span of time that all went unanswered. There is further the declaration filed as to the non response by the plaintiff under FRCP which was again wholly unanswered by the defendants. When plaintiff was in pro per and sent these letters there was no response at all. Only after the various letters and documents, and the credit being affected, was litigation ensued to enable the plaintiff to remove said inquiries and false reporting from the credit report. Therefore there was a reasonable inquiry as to the positions prior to acceptance of the case, and there was credible evidence to wit the previously sent unanswered letters and the police report filed with a declaration of the plaintiff.

Plaintiff claims that defendant lacked a permissible purpose under the FCRA for obtaining plaintiff's credit report. Under the FCRA, 15 U.S.C. § 1681 et seq., civil liability is imposed on any person who obtains a consumer report for a purpose that is not authorized by the FCRA. See § 1681b(f) ("A person shall not use or obtain a consumer report for any purpose unless. . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished by this section."). Specifically, section 1681b of the FCRA provides an exclusive list of the permissible purposes for which a consumer report may be furnished to a requesting party.

The Ninth Circuit held that to qualify as a permissible purpose under § 1681b(a)(3)(A), a "credit transaction must both (1) be a credit transaction involving the consumer on whom the information is to be furnished and (2) involve the extension of credit to, or review or collection of an account of, the consumer. The Ninth Circuit's recent decision in Pintos v. Pac. Creditors Ass'n, 605 F.3d 665 (9th Cir. 2010) is illustrative. In Pintos, the plaintiff failed to pay costs associated with the towing of her illegally parked car, and the towing company asserted a deficiency claim against the plaintiff pursuant to California law.

The towing company later transferred this claim to a collection agency, which then sought the plaintiff's credit report from a credit reporting agency in connection with its effort to collect the debt. The collection agency argued that it had a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A) for obtaining the plaintiff's credit report because it was seeking to

collect a debt from a consumer.

The court concluded that because the claim against the plaintiff did not result from any transaction which the plaintiff initiated, § 1681b(a)(3)(A) did not authorize the defendant to obtain plaintiff's credit report.  Id. at 676.

Taking the facts alleged by plaintiff as true, defendant's review of plaintiff's credit report here clearly satisfies the second prong of the Pintos analysis, as it allegedly involves the "review or collection of an account of the consumer."  Plaintiff alleges that at no point prior to learning of defendant's inquiry into her credit report did plaintiff have any interaction or relationship with defendant in any form, nor any outstanding debts or judgments owed to defendant.  While defendants may permissibly obtain plaintiff's credit report in connection with the collection of a debt they had been authorized to collect on behalf of a third party, where that third party had entered into a consumer credit transaction with plaintiff that is not the case herein.

Without allegations of a credit transaction that plaintiff (1) was involved in or otherwise initiated and (2) that defendant acted pursuant to in obtaining plaintiff's credit report, any arguments that defendants acted lawfully in obtaining plaintiff's credit report is incorrect as a matter of law.  See Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc., 427 F.3d 1043, 1047 (7th Cir. 2005) ("A third party cannot troll for reports, nor can it request a report on a whim.").

Therefore based upon the facts in the complaint, and the case law as to the claims the matter was not filed in bad faith, or to harass, or to delay, but to advocate a position by the plaintiff and seek redress from the Court.

## CONCLUSION

Plaintiffs counsel respectfully requests that the Order to Show cause be dismissed against him personally and that the matter which is already with new counsel proceed on its merits. There has not been any bad faith, harassment or delay tactics to warrant sanctions, or the present Order to Show Cause as there are facts and law that give rise to the claims presented.

Dated:  December 26, 2012                               By:/s/Arshak Bartoumian

Arshak Bartoumian

**<u>DECLARATION OF ARSHAK BARTOUMIAN</u>**

1. I am the attorney representing the plaintiff and I make this declaration is support of my response to the pending Order to Show Cause by the courts own motion.

2. By virtue of the foregoing, I have personal knowledge of the facts set forth in this Declaration, and if called upon as a witness, could and would testify competently to these facts under oath.

3. Here, in the cases that are before the Court for this Order to Show Cause, there are reasonable arguments that can be advanced and it is not patently clear that the claims have no chance to succeed.

4. Plaintiff claims that defendant lacked a permissible purpose under the FCRA for obtaining plaintiff's credit report. It is alleged herein that there was no permissible use by the defendant herein to run the report of this plaintiff.

5. Here there was a reasonable inquiry by myself regarding the plaintiff's credit report and the various letters sent to the defendant over a span of time after plaintiff learned of the credit report being ran. The correspondence that was sent prior to bringing forth litigation to the defendant, all went unanswered.

6. Further the declaration filed as to the non response by the plaintiff under FRCP which was again wholly unanswered by the defendant. When plaintiff was in pro per and sent these letters there was no response at all. Therefore there was a reasonable inquiry as to the positions prior to acceptance of the case, and there was credible evidence to wit the previously sent unanswered letters and the police report prior to bringing forth this action and taking on this case.

7. The statements made in open court by defense counsels who were not on this case but rather on other cases, on the subject of this OSC by the Court are either (1) partly untrue or (2) irrelevant to the inquiry.

8. The complaints of the Defendants attorneys range from the extremely serious, yet unmeritorious, allegations in this and other cases which are not relevant to the present OSC.

9. Their complaint that Plaintiff's counsel should be sanctioned under Rule 11 because in other cases, there were issues of depositions being cancelled, to not offering any settlement discussions as of yet should have no bearing on the present OSC.

10. Therefore based upon the facts in the complaint, and the case law as to the claim the matter was not filed in bad faith, or to harass, or to delay, but to advocate a position by the plaintiff and seek redress from the Court.

11. I respectfully requests that the Order to Show cause be dismissed against me personally and that the matter which is already going to be litigated with new counsel should proceed on its merits.  Any amendments or issues will be up to them to proceed on behalf of plaintiff.

12. There has not been any bad faith, harassment or delay tactics to warrant sanctions.  The present Order to Show Cause as there are facts and law that give rise to the claims presented in this case before the Court.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.  Executed this December 26, 2012 Glendale, California.

*/s/Arshak Bartoumian*
Arshak Bartoumian